**Jon Michael NYLUND and Melvin B. Nylund, Plaintiffs,**

**v.**

**TIP TOP SHOWS, INC., a Wisconsin corporation, Defendants.**

**No. 67–C–226.**

United States District Court
E. D. Wisconsin.

Aug. 16, 1968.

---

Roland J. Steinle, Jr., Milwaukee, Wis., for plaintiffs.

Patri, Nolan, Crane & Engler, Oshkosh, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

When this case was called for trial, all counsel stipulated that the matter be decided by the court upon an admission of liability and upon stipulated documentary evidence. No oral testimony was offered or received, but various medical reports and the deposition of the injured plaintiff were placed in evidence. The hospital and medical expenses of the plaintiff were stipulated at $297.00 and the plaintiff's lost wages at $132.00. In addition. it was stipulated that the plaintiff had a life expectancy of 42.8 years.

The principal disagreement in this case relates to evaluating the injury to Mr. Nylund's right knee. Also as shown in Exhibit #5, Dr. J. Howard Johnson stated the following conclusion:

"This young man has residual disability in the right knee. The history of injury is that of a severe one. He has a sensation of internal derangement. The x-rays show changes in the medial articular margin as described. The fact that he favors the knee is further evidenced by the thinning of the thigh muscles. Ordinarily in a right handed individual the thigh would be at least ¼″ greater in circumference. The diagnosis is either a loose or minor tear in the medial semi-lunar cartilage."

As indicated in Exhibit #6, Dr. Johnson subsequently determined that this was a disability of 5% at the knee.

Another orthopedist, Dr. Robert C. Brown, reached a different conclusion.

Dr. Brown stated the following in Exhibit #7.

"The extremities did not disclose anything too great except that there was an old scar apparently from some infectious process, right in the center of the Patellar area on the right. There was a slight click in checking the tibial collateral ligament, but no definite change was noted. The measurements of these extremities at comparable levels was equal in all cases and the reflexes were completely normal."

Considering all of the evidence submitted to the court, it is my conclusion that the plaintiff, Jon Michael Nylund, is entitled to the sum of $6000.00 for his pain, suffering and disability.

Accordingly, it is ordered that the plaintiff, Jon Michael Nylund have judgment for the sum of $6132.00 for his pain, suffering and disability and for his loss of wages.

It is further ordered that the plaintiff, Melvin B. Nylund, have judgment for the sum of $297.00 for hospital and medical expenses.